```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION AT LEXINGTON
```

LARRY RUTHER,                     )
                                  )
     Plaintiff,                   ) Civil Action No. 11-00227-JMH
                                  )
v.                                )
                                  ) **MEMORANDUM OPINION**
     ACCOR NORTH AMERICA, INC.,   )      **AND ORDER**
                                  )
     Defendant.                   )

                    ***** ***** ***** *****

Plaintiff Larry Ruther, *pro se*, has filed the instant Complaint, [R. 1], against ACCOR NORTH AMERICA, INC. ("Accor")[1] and has been granted *in forma pauperis* status. [R. 4].

Under 28 U.S.C. § 1915(e), a district court must dismiss an *in forma pauperis* action if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v.*

---

[1] Ruther identifies the defendant as "Accor of N. America, Inc." According to the Office of the Kentucky Secretary of State, the actual name of this entity is "ACCOR NORTH AMERICA, INC." and its principal place of business is listed as 4001 International Parkway, Carrollton, Texas, 75007. *See* www.app.sos.ky/gov. The Clerk of the Court will be directed to note the defendant's correct name in this proceeding and in the CM/ECF system.

[2] An *in forma pauperis* claim asserted by a non-prisoner plaintiff may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir.1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir.1985).

*Marshall*, 898 F.2d 1196 (6th Cir. 1990). As explained below, Ruther's Complaint lacks an arguable basis in law because the Court does not have personal jurisdiction over Accor; venue does not lie in this district; and Ruther's claims are time-barred. Therefore, the Court will dismiss Ruther's Complaint without prejudice.

**DISCUSSION**

Ruther's handwritten Complaint consists of incomplete sentence fragments, some of which are illegible. Based on the legible passages, Ruther appears to allege that on May 14, 2009, while in Room 113 of the Motel 6 located in Fredericksburg, Virginia, he slipped on water on the bathroom floor, fell on the toilet, and sustained several broken ribs and other injuries. Ruther alleges that the inadequate lighting prevented him from seeing the water on which he slipped and fell. He appears to demand a jury trial and $110,000.00 in damages.

Because Ruther identified no specific source of federal jurisdiction in his Complaint, the Clerk of the Court by default docketed this proceeding as one falling under 28 U.S.C. § 1331. Further examination of the bare-bones Complaint, however, suggests that Ruther is more likely attempting to assert a negligence claim against an out-of-state corporate defendant (Accor) pursuant to 28 U.S.C. §1332, the diversity of citizenship statute. Section 1332(a) vests district courts with original jurisdiction over civil actions between citizens of different States when the matter in

controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

First, Ruther provided a Richmond, Kentucky, address for himself, which presumably signifies that he is a Kentucky resident. Second, Ruther specifically identified the CT Corporation as Accor's registered agent for service of process in Kentucky. As noted, Accor lists its principal place of business as Carrollton, Texas. A corporation is deemed to be a citizen of "any state by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c). Therefore, Accor would be diverse from Ruther on the basis of citizenship. Third and finally, Ruther demands $110,000.00 in damages, which sum exceeds the statutorily required amount in controversy.

Because federal jurisdiction in this case is pursuant to diversity of citizenship, the Court must look to Kentucky law to determine whether personal jurisdiction over Accor is appropriate. *Creech v. Roberts*, 908 F.2d 75, 79 (6th Cir. 1990), *cert. denied*, 499 U.S. 975 (1991). A federal district court sitting in diversity "may exercise personal jurisdiction over an out-of-state defendant [such as Accor] only if a court of the forum state could do so." *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998). Kentucky courts have construed the Kentucky long-arm statute, KY. REV. STAT. 454.210, to "reach to the full constitutional limits of due process in entertaining

jurisdiction over non-resident defendants." *Wilson v. Case*, 85 S.W.3d 589, 592 (Ky. 2002).

The Court must then determine whether the exercise of personal jurisdiction comports with due process. Personal jurisdiction can be based on two theories: (1) "general" jurisdiction, or (2) "specific" jurisdiction. Specific jurisdiction requires "'minimum contacts" and evidence that the Defendant "transacts any business'" in Kentucky. *Kattula v. Jade*, No. 5:07-cv-52, 2007 WL 1695669 at *4 (W.D. Ky June 08, 2007); (citing *Lanier v. Am. Bd. of Edodontics*, 843 F.2d 901, 906 (6th Cir.1997)).

For a defendant to have minimum contacts with the forum state, it should reasonably anticipate being hauled into court there because it has purposefully availed itself of the privilege of conducting activities there. *International Shoe Co. v. Washington*, 326 U.S. 310, 316-19 (1945); *Southern Machine Co. v. Mohasco Indus.*, 401 F.2d 374, 380 (6th Cir. 1968). *See also Burger King Corp. v. Rudzewski*, 471 U.S. 462, 475-78 (1985). Kentucky's long-arm statute dictates that minimum contacts sufficient to warrant long-arm jurisdiction exist:

> . . . [o]ver a person who acts directly or by an agent, as to a claim arising from the person's ... [c]ausing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, **provided that the tortious injury occurring in this Commonwealth arises out of the doing or**

**soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth.**

KY. REV. STAT. 454.210(2)(a)(4) (emphasis added).

Ruther alleges neither that Accor has contacts with Kentucky, nor that his claims arise out of or relate to Accor's contacts with Kentucky, assuming that Accor had any contacts with the state. Ruther alleges only in the most rudimentary terms that the alleged negligence, and his resulting personal injuries, occurred in a room of a Motel 6 located *in Fredericksburg, Virginia*. While Accor has a designated agent for service of process in Kentucky, the mere designation of a service agent in compliance with the service-of-process statute does not automatically eliminate the requirement of minimum contacts to establish personal jurisdiction. *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.*, 486 U.S. 888, 892-93 (1988); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir.1993); *Ward v. Exxon Mobil Oil Corp.*, No. 3:08CV-358-S, 2008 WL 4534115, at *1 (W.D. Ky. October 7, 2008) Therefore, Ruther has alleged insufficient facts upon which to base personal jurisdiction on "specific jurisdiction."

General jurisdiction requires something more than minimum contacts - - it requires a showing that a Defendant has "continuous and systematic contacts" with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims against it. *Helicopteros Nacionales de Columbia, S.A. v.*

*Hall*, 466 U.S. 408, 414 (1984); *Aristech*, 138 F.3d at 627.

Specifically, Ruther does not allege that the alleged negligent maintenance and/or inadequate lighting in the bathroom of Room No. 113 of the Motel 6 located in Fredericksburg, Virginia, arose from, or were in any way connected, to Accor "doing or soliciting of business" in Kentucky; that Accor engages in a "persistent course of conduct" in Kentucky; that Accor has any subsidiaries in Kentucky;³ or that Accor derives "substantial revenue" in Kentucky. *See Ward*, 2008 WL 4534115, at *1; *Spectrum Scan, LLC v. AGM California*, 519 F.Supp2d 655, 657 (W.D. Ky.2007); *Auto Channel, Inc. v. Speedvision Network*, 995 F.Supp. 761, 763 (W.D. Ky.1997). General jurisdiction does not exist in this case because Ruther does not allege any facts suggesting that Accor has "continuous and systematic contacts" with Kentucky, which would justify exercising judicial power over "any and all claims" against Accor.

For these reasons, the Court lacks personal jurisdiction over

---

³ Even if the Court liberally assumed that Accor was the parent company of Motel 6, and that Accor had subsidiary Motel 6's in Kentucky, *see Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1273-74 (6th Cir. 1998), personal jurisdiction over a parent company does not arise simply because the forum state has jurisdiction over one of its subsidiaries. *Id*. at 1273-74. Courts must look at what the parent has done, not the subsidiary. *Id*. at 1274. Unless the plaintiff clearly shows otherwise, the district court must presume that the parent and subsidiary are separate entities. *Id*. at 1273-74. But again, Ruther alleges neither that Accor has any subsidiaries in Kentucky, nor that Accor has direct involvement in such subsidiaries, assuming they existed.

Accor. The proper disposition for lack of jurisdiction is a dismissal without prejudice. *Halloway v. Brush*, 220 F.3d 767, 778 (6th Cir. 2000); *Goodman v. Bilbry*, No. 5:09-CV-192-R, 2010 WL 3810196, at *1 (W.D. Ky. September 23, 2010). However, even assuming that this Court had personal jurisdiction over Accor, dismissal would be required for other reasons.

First, Ruther's claims would be time-barred. In Kentucky, personal injury actions must be brought within one-year of their accrual. *See* K.R.S. § 413.140(1); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). As Ruther alleges that he fell on May 14, 2009, he would have been required to file this action on or before May 14, 2010. He did not file this action until July 18, 2011.

Second, venue would not lie in this jurisdiction. Venue is proper in a judicial district in which a "substantial part of the events giving rise to the claim arose." 28 U.S.C. § 1391(a)(2); *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998). In this case, the substantial part of the alleged events (negligent maintenance of the bathroom floor and/or the inadequate lighting of the bathroom area) occurred either in: (1) Fredericksburg, Virginia, where Ruther allegedly slipped, fell, and was injured, and where relevant eye-witnesses, if any, and evidence, such as internal reports, witness statements, hospital

records, or photographs, if any, would likely be located, or (2) Carrollton, Texas, where Accor's principal place of business is located, and where corporate decisions about premises liability/ housekeeping/and maintenance issues would presumably be made.

Although Ruther filed this action in the wrong venue, and although this Court lacks personal jurisdiction over Accor, it has the discretion either to dismiss, or in the interest of justice, transfer this case to any district or division in which it could have been brought. *See* 28 U.S.C. § 1406(a); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (Section 1406(a) "authorize[s] the transfer of [a] cas[e] ... whether the court in which it was filed had personal jurisdiction over the defendants or not.").

District courts have broad discretion to determine when party "convenience" or "the interest of justice" warrant a transfer. *Reese v. CNH America, LLC*, 574 F.3d 315, 320 (6th Cir.) (Ryan, Gibbons, Sutton), *reh'g denied*, 583 F.3d 955 (6th Cir. 2009); *Miles v. WTMX Radio*, 15 F. App'x 213, 215 (6th Cir. 2001); *First of Michigan Corp.*, 141 F.3d at 262. It is not in the interests of justice to transfer Ruther's case to a federal court in either Texas or Virginia, because the applicable statute of limitations in either state would bar his claims.

The limitations period for asserting personal injury claims in Virginia is governed by Virginia Code § 8.01-243, which provides that "every action for personal injuries ... shall be brought

within two years after the cause of action accrues." VA. CODE ANN. § 8.01-243 (2007). In Virginia, personal injury claims accrue when the injury occurs. *Castillo v. Emergency Medicine Associates*, 372 F .3d 643, 646 (4th Cir. 2004) (citing VA. CODE ANN. § 8.01-230). Likewise, the statute of limitations governing personal injuries in Texas is two years. *See* Tex. Civ. Prac. & Rem.Code § 16.003; *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999); *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998). As noted, Ruther's alleged injury occurred on May 14, 2009, but he did not file this action until over two years later, on July 18, 2011. Therefore, Ruther's premises liability claims would be time-barred in either state.

The Court will dismiss this case without prejudice, as transferring a facially-time-barred action would be a waste of valuable judicial resources in either jurisdiction.

**CONCLUSION**

Accordingly, it is **ORDERED** as follows:

(1) The Clerk of the Court will substitute the defendant's correct name, "ACCOR NORTH AMERICA, INC," in the CM/ECF system;

(2) The Clerk of the Court is directed amend the CM/ECF system to reflect that this cause of action falls under 28 U.S.C. § 1332, the diversity of citizenship statute;

(3) Plaintiff Larry Ruther's Complaint, [R. 1], is **DISMISSED**

**WITHOUT PREJUDICE**; and

    (4) The Court will enter an appropriate Judgment.

This the 11th day of August, 2011.


Signed By:
*Joseph M. Hood*
Senior U.S. District Judge